Filed 7/30/14  P. v. Cooper CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DUSTIN EDWARD COOPER,<br><br>　　　Defendant and Appellant. | A139419<br><br>(Contra Costa County<br>Super. Ct. No. 51205319) |

Defendant Dustin Edward Cooper appeals a judgment entered upon his plea of no contest to carjacking and evading a police officer while driving recklessly.  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has been informed of his right to personally file a supplemental brief, but he has not done so.

Defendant was originally charged by complaint with nine counts in case number 156104-2, and two counts in case number 156524-1.  The complaints included various enhancement allegations.  Charges from both complaints were later included in a single information, and an amended information was filed with the permission of the court.  (Case No. 120531-9.)  The amended information charged defendant with unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) (counts one and ten); second degree commercial burglary (Pen. Code, §§ 459 & 460, subd. (b)) (count two); attempting to evade a police officer while driving recklessly (Veh. Code, § 2800.2, subd. (a)) (counts three, five, seven, and eleven); false imprisonment of a hostage (Pen. Code, § 210.5) (count four); carjacking (Pen. Code, § 215, subd. (a) (count six); hit and run

1

driving (Veh. Code, § 20002, subd. (a) (counts eight and nine); possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a) (count twelve); and unlicensed sale of hypodermic needles or syringes by a nonresident distributor (Bus. & Prof. Code, § 4149) (count thirteen). The amended information included strike, prior conviction, and prior prison term allegations.

According to the probation report, at approximately 3:00 a.m. on August 24, 2011, outside a public storage building, a Martinez police officer saw a vehicle that had been reported stolen. Defendant was driving it. The officer followed the vehicle, which stopped in a parking lot. The officer got out of his car and yelled for the occupants to put their hands above their heads. Two women got out of the vehicle, and defendant drove off. He led officers on a chase that lasted about two minutes, driving the stolen vehicle in excess of 100 miles per hour before the officer lost sight of him. Officers later visited the public storage building and saw that the front door to the office was open. They spoke with the managers of the public storage building, who were certain that the door had been locked and secured. A surveillance video showed defendant and a female companion enter the office and remove items, including several rolls of coins and a camera.

On September 10, 2011, defendant's car (a stolen Mustang) was seen parked on the street in front of a residence. A woman came out of the home and got into a Toyota Corolla parked in front. Soon afterward, defendant also came outside, saw officers approaching him, ran into the home, and released a large pit bull. The woman got out of the Toyota as defendant approached it, and he grabbed her and used her as a shield, moving her along with him until he could get into the car and drive away. He led officers on a dangerous car chase, running stop signs and traffic lights, and escaped. Police examined the Mustang and found three hypodermic syringes, one filled with methamphetamine.

The next day, the California Highway Patrol (CHP) told Concord police that they were pursuing the stolen Toyota and that defendant was driving it. CHP officers pursued him from Solano County to Concord. Defendant abandoned the car and fled on foot. As they searched the area, officers received reports of a carjacking and two hit and run

collisions. The carjacking victim told officers that when she was inside her car with the window partially rolled down, defendant screamed at her "Gimme your car." She refused and he punched the car, screamed at her to get out of the car, grabbed her by the shirt, and started to pull her out of the car. The victim got out, and defendant jumped into the car and drove away. While driving the car at a high rate of speed, he collided with several other vehicles, abandoned the car at a residence, and got into another vehicle.

On September 16, 2011, a Martinez police officer saw two people on a motorcycle that had been reported stolen. The driver was later found to be defendant. The officer activated his lights and sirens, and the motorcycle drove several blocks before pulling over. The passenger got off the motorcycle and ran away. Defendant fled on the motorcycle, speeding through residential streets and not stopping at stop signs or lights. The motorcycle slid into a curb, and defendant ran away. The officer chased him and cornered him in a yard. Defendant was captured and arrested. He had a backpack in his possession, which contained marijuana, a syringe, plastic bags, glass pipes, a prescription bottle that did not have defendant's name on it, and methamphetamine.[1]

Defendant brought a motion for substituted counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, which the trial court denied.

Pursuant to a negotiated disposition, defendant pled no contest to carjacking (count six) and evading a police officer while driving recklessly (count three), and admitted one prior prison term. In accordance with the agreement, he was sentenced to six years in prison, calculated as five years for count six (§ 215, subd. (b)), a concurrent two-year term for count three (Veh. Code, § 2800.2, subd. (a)), and a one-year enhancement for the prior prison term (§ 667.5, subd. (b)). The other counts were dismissed with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) The court imposed fines and fees. Defendant was informed of and waived his constitutional rights

---

[1] The events of August 24, 2011, formed the basis for original case number 156524-1. The events of September 10, 11, and 16, 2011 formed the basis for original case number 156104-2.

to a trial, to call and confront witnesses, to remain silent, and to testify, and he gave up his appellate rights.

At defendant's request, the trial court later amended the abstract of judgment to eliminate one of the fees it had imposed, a $200 laboratory fee.

There are no meritorious issues to be argued.

## DISPOSITION

The judgment is affirmed.


_____
Rivera, J.


We concur:


_____
Reardon, Acting P.J.


_____
Humes, J.


4